IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHAMEKA WILLIAMS                                                              PLAINTIFF
*on behalf of J.M.W.*

v.                                          3:17cv00254-JLH-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.[1] The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.[2]

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (Failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

### I. BACKGROUND

After a hearing, the Administrative Law Judge (ALJ) rendered a decision on August 26, 2016, finding Plaintiff's son was not disabled. (Tr. 12-27.) The ALJ found J.M.W. did not have an impairment or combination of impairments that functionally equaled a listed impairment. (*Id*.) When the Appeals Council concluded on September 18, 2017, that no basis existed for review of the ALJ's decision, the ALJ's decision became the Commissioner's final administrative decision subject to judicial review. (Tr. 1-4); *See* 42 U.S.C. § 405(g).

Therefore, on September 25, 2017, Ms. Williams filed the instant Complaint asking for judicial review of the Commissioner's decision. (Doc. No. 2.) Ms. Williams says there was "no breakdown of why [her] son's case was denied" and she feels "the decision was based on errors. . . ." (*Id.* at 3.)

After the Commissioner answered (Doc. No. 8), the Court directed Ms. Williams to file a

brief by January 15, 2018, to fully identify her allegations of error. (Doc. No. 10.) When Ms. Williams did not respond, the Court directed her to file her brief by February 17, 2018. (Doc. No. 12.) The Order cautioned Ms. Williams that her case could be dismissed if she failed to file a brief.[3] Ms. Williams has not filed anything in response to the Court's orders.

Given Ms. Williams's lack of attention to this case, dismissal for failure to prosecute this matter is appropriate. However, out of an abundance of caution, I have reviewed the Commissioner's decision and the agency record to determine whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards.[4] For the following reasons, I find substantial evidence supports the decision; the Commissioner made no legal error.

## II. STANDARD OF REVIEW

The role of the Court under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to re-weigh the evidence or try the issues de novo.[5] If substantial evidence supports the Commissioner's findings

---

[3]*See Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (district court may dismiss case if party fails to comply with its orders; court must be able to manage its docket to resolve cases expeditiously so opposing party is not prejudiced because of dilatory conduct).

[4] *See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[5] *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

and they are conclusive, the Court should affirm them.[6] Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[7] The Court may not reverse a prior determination based only on a finding that substantial evidence would support an opposite decision.[8] Consequently, the Court's review of this case is limited and deferential to the Commissioner.[9]

In determining whether an impairment or combination of impairments functionally equals a listing, the ALJ must have assessed the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating items; (5) caring for himself; and (6) health and physical well-being.[10]

To functionally equal a listed impairment, the plaintiff's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.[11] Plaintiff has the burden of proving disability.[12] A claimant must meet all of the specified medical criteria of the particular listing.[13] The standard for medical

---

[6] *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

[7] *Id.* at 401.

[8] *See Prosch*, 201 F.3d at 1012; *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996).

[9] *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996).

[10] 20 C.F.R. § 416.926a(b)(1).

[11] 20 C.F.R. § 416.924(d).

[12] *See* 42 U.S.C. § 1385c(a)(3)(A); *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).

[13] *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

equivalency is similarly demanding. In order to equal a listing, plaintiff must present medical findings equal in severity to all the criteria of the listed impairment.[14]

After careful consideration of the record and pleadings in this case, I find the decision of the Commissioner is supported by substantial evidence.

## III. ANALYSIS

Ms. Williams suggests that autism renders her son disabled. (Doc. No. 2 at 3.) The listing for autism is as follows:

> **112.10 Autism spectrum disorder (see 112.00B8), for children age 3 to attainment of age 18), satisfied by A and B:**
>
> A. Medical documentation of <u>both</u> of the following:
>    1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and
>    2. Significantly restricted, repetitive patterns of behavior, interests, or activities.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):
>    1. Understand, remember, or apply information (see 112.00E1).
>    2. Interact with others (see 112.00E2).
>    3. Concentrate, persist, or maintain pace (see 112.00E3).
>    4. Adapt or manage oneself (see 112.00E4).[15]

The ALJ did not evaluate J.M.W. for autism. But in considering this listing, I find no evidence to support J.M.W. is "significantly restricted, repetitive patterns of behavior, interests, or activities," as is required to meet Listing 112.10.

---

[14] *Marciniak v. Shalala*, 49 F.3d 1350, 1351 (8th Cir. 1995) (citing *Sullivan*, 493 U.S. at 530 (an impairment does not meet or equal a listing if it has only some of the medical criteria, no matter how severe)).

[15] 20 C.F.R. Pt. 404, Subpt. P, App 1, § 112.10.

Even if the autism listing was not met, Plaintiff could still be found disabled if the ALJ determined his impairment was functionally equal to the severity of a listing. Functional equivalence is determined by considering how the child functions in six broad areas. If the child has "marked" limitations in at least two of these areas, then Plaintiff has shown the functional equivalent of meeting a listing.

Here, the ALJ addressed the six areas and found as follows:

1. Acquiring and Using Information – less than marked limitation

2. Attending and Completing Tasks – less than marked limitation

3. Interacting and Relating to Others –marked limitation

4. Moving About and Manipulating Objects – less than marked limitation

5. Caring for Yourself – no limitation

6. Health and Physical Well-Being – less than marked limitation

Substantial evidence supports the ALJ's consideration of these six areas. John Giblin, M.D., and Stephen A. Whaley, M.D., both evaluated all of the medical evidence and came to the same conclusions. (Tr. 52-58, 67-69.) The ALJ stated, "The conclusions reached by these physicians, employed by the State Disability Determination Services, also supported a finding of 'not disabled.'" (Tr. 21.)

Other evidence of record also supports the ALJ's determination. A consultative pediatric examination reported borderline and low average functioning in cognitive, language, motor, social-emotional, and general adaptive skills. (Tr. 245-247.) While evaluators stated it appears "weaknesses with developmental skills are affecting [J.M.W.'s] ability to engage in age appropriate activities," the overall assessment is consistent with the ALJ's decision, as are the findings of Elizabeth Huffstutter, Psy.D. (Tr. 270-272.)

Clearly, J.M.W. experiences some limitations. However, the ALJ correctly determined that J.M.W.'s impairments do not render him completely disabled.

It was Ms. Williams's burden of showing J.M.W. meets the listing, and this burden must be carried by a showing of medical evidence.[16] This she has not done.

## IV. CONCLUSION

I have reviewed the entire record, including the pleadings, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[17] The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

Dated this 22nd day of February, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[16] *Roberson v. Astrue*, 481 F.3d 1020 (8th Cir. 2007).

[17] *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).